█ Brian S. Dermody .et al., Respondents, v Darryl D. Tilton et al., Appellants, et al., Defendants. (Appeal No. 1.) [926 NYS2d 237]—

Appeal from an order of the Supreme Court, Ontario County (William F. Kocher, A.J.), entered November 17, 2010. The order, inter alia, granted the motion of plaintiffs for summary judgment against defendants Darryl D. Tilton and Sandra J. Tilton.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating that part of the third ordering paragraph granting plaintiffs the right to use Coon Run for any purpose other than ingress, egress and general access and as modified the order is affirmed without costs.

Memorandum: Darryl D. Tilton and Sandra J. Tilton (collectively, defendants) appeal from an order that, inter alia, granted plaintiffs' motion for summary judgment on the second amended complaint against defendants and granted plaintiffs an easement by prescription over a portion of defendants' property. The property owned by plaintiffs is located north of defendants' property, and the only vehicular access to it is by way of Coon Run, a former public road running north and south between Tilton Road and Route 20A in the Town of Bristol. Plaintiffs commenced this action seeking an easement over Coon Run to access their property from Route 20A and an order enjoining defendants from interfering with their right to use that portion of Coon Run adjacent to defendants' property. We conclude that Supreme Court properly granted plaintiffs' motion for summary judgment to the extent that they sought a prescriptive easement.

"To establish a prescriptive easement one must prove by clear and convincing evidence . . . that the use was 'adverse, open and notorious, continuous and uninterrupted for the prescriptive period' " of 10 years (*Beutler v Maynard*, 80 AD2d 982, 982 [1981], *affd* 56 NY2d 538 [1982], quoting *Di Leo v Pecksto Holding Corp.*, 304 NY 505, 512 [1952]). Here, plaintiffs submitted evidence establishing that their predecessors in interest, including the individual who sold the property to plaintiffs, as well as the owners of other landlocked parcels in the area, had used Coon Run to access their properties and maintained it for that purpose for several decades after its use as a public road was discontinued. That evidence was sufficient to demonstrate that Coon Run was openly, notoriously and continuously used to access plaintiffs' property for the requisite 10-year period, thus

giving rise to a presumption that the use was hostile and under claim of right (see Kessinger v Sharpe, 71 AD3d 1377, 1378 [2010]). Thus, plaintiffs met their initial burden on the motion, and defendants' conclusory allegation that the prior use of Coon Run by other property owners in the area was permissive is insufficient to raise a triable issue of fact (see generally id. at 1378-1379; Micheli v D'Agostino, 169 AD2d 1010, 1011 [1991]). Although defendants submitted the affidavit of Darryl Tilton's mother, Verna Tilton, in which she averred that her family had controlled access to Coon Run from Route 20A on a permissive basis, that statement was contradicted by her additional sworn statements, and we thus conclude that the submission of that affidavit constitutes an attempt to raise feigned issues of fact where none truly exists (see Martin v Savage, 299 AD2d 903 [2002]). In any event, Verna Tilton did not specifically state that the use of Coon Run by plaintiffs' predecessors in interest was permissive in nature.

We agree with defendants, however, that the scope of the easement granted by the court is overbroad. It is well settled that, "in the case of a prescriptive easement, the right acquired is measured by the extent of the use" (Mandia v King Lbr. & Plywood Co., 179 AD2d 150, 157 [1992]; see also Bremer v Manhattan Ry. Co., 191 NY 333, 338 [1908]). Plaintiffs established only that their predecessors in interest had used and maintained Coon Run for the purpose of ingress and egress. Such limited use does not support the order insofar as it states that plaintiffs "shall be entitled to use the prescriptive easement . . . for the purposes of . . . improvement, construction, maintenance, general use and enjoyment, operating, repairing, and reconstructing a driveway for pedestrian and vehicular use, including the right to control the prescriptive easement area and any necessary and/or incidental improvements thereto, including the placement of utility services such as electric, telephone, gas, cable, water, sewer, and other utility service; and making the required excavations and construction therefore upon, over, across or below the land." We therefore modify the order accordingly. Present—Smith, J.P., Fahey, Carni, Lindley and Gorski, JJ.